UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-138 |
| v. | ) | |
| | ) | |
| JAMIE PIERATT, | ) | (PHILLIPS / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court for a hearing on the Defendant's Motion for Mental Evaluation in Aid of Sentencing [Doc. 509], which was filed under seal by prior defense counsel on March 8, 2016, and referred [Doc. 510] to the undersigned on the following day. See 28 U.S.C.§ 636(b). On March 21, 2016, the Defendant's prior counsel was permitted [Doc. 557] to withdraw, and Attorney Troy L. Bowlin, II, was retained by the Defendant. The Court gave Mr. Bowlin time to meet with the Defendant and determine whether to go forward with the pending motion. On April 28, 2016, Mr. Bowlin filed a notice [Doc. 590] stating that the Defendant was proceeding with the motion. The parties appeared for a hearing on the motion on May 19, 2016. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Bowlin represented the Defendant, who was also present.

The Defendant asks the Court for a determination of his competency and requests a mental examination prior to the competency hearing. The motion, although filed after the Defendant entered a change of plea in this case, states that the Defendant's mental health history calls into question his ability to assist counsel with his defense and to stand trial. At the May 19

1

hearing, Mr. Bowlin stated that the Defendant has reported a history of bi-polar disorder that dates back twenty years.  Mr. Bowlin said that he had requested records from mental health treatment the Defendant received in the 1990's, but these records had yet to arrive and some had been destroyed.  He said that although the Defendant was not challenging his competency to enter a guilty plea, he sought a competency evaluation and determination for sentencing.

The Defendant stated that he currently was not receiving his prescribed medication for his mental health condition while in jail.  He stated that he last saw his treating physician and received his prescription sixteen months ago.  He said that the jail would not permit him to receive medication without having seen a doctor within the last year.  The Defendant stated that a psychiatric doctor had seen him twice at the Hendersonville, Kentucky jail, where he was detained, and was attempting to reestablish his medication.

AUSA Norris stated that she had not noticed the Defendant having any mental problems in her interactions with him.  She agreed the Presentence Investigation Report indicated that the Defendant had received treatment for bi-polar disorder in the later 1990's.  The Government took no position on the Defendant's request for a mental evaluation.

Deputy United States Marshal John Sanchez informed the Court that the Defendant would be incarcerated locally until his July 18, 2016 sentencing hearing and would not be returned to the Henderson County, Kentucky jail.  Deputy Sanchez said that he would look into whether the Defendant could be seen by a mental health professional in the local jail with regard to his need for medication for bi-polar disorder.

"A defendant found guilty of an offense . . . may . . . , prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may

Case 3:14-cr-00138-TWP-HBG   Document 597   Filed 05/20/16   Page 2 of 3   PageID #: 3215

presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(a). "The court shall grant the motion . . . if it is of the opinion that there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." Id.

In the instant case, the Court finds that it needs more information to determine whether reasonable cause exists. Moreover, it observes that defense counsel needs additional time to gather the Defendant's treatment records, including records of the Defendant's medical and mental health treatment within the last two years. Also, defense counsel needs time to assist the Defendant with resuming his anti-psychotic medications, if appropriate. If the Defendant is able to resume his medications while incarcerated, he may decide to withdraw his motion for commitment to a Bureau of Prisons facility for care and treatment. The Court set a status conference for **June 24, 2016, at 1:30 p.m.** The Defendant's Motion for Mental Evaluation in Aid of Sentencing [Doc. 509] is held in abeyance until that time. All other dates and deadlines in this case, including the Defendant's sentencing hearing on July 18, 2016, at 1:30 p.m., shall currently remain the same.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

3